Case 14-2065, Document 15, 07/10/2014, 1205601, Page 1 of 2

# MANDATE

D. Conn.
10-cv-107
Dorsey, J.

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand fourteen.

Present:
> Reena Raggi,
> Denny Chin,
> Raymond J. Lohier, Jr.,
> > *Circuit Judges.*

Damon Walker,

> *Petitioner*,

v.  14-2065

United States of America,

> *Respondent*.

Petitioner, *pro se*, moves for leave to file a successive 28 U.S.C. § 2255 motion in the United States District Court for the District of Connecticut. Upon due consideration, it is hereby ORDERED that the motion is DENIED because Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2255(h).

Petitioner does not rely on any newly discovered evidence within the meaning of § 2255(h)(1). Furthermore, this Court has held that, even if *Alleyne v. United States*, 133 S. Ct. 2151 (2013), announced a new rule of constitutional law, that rule has not been made retroactive by the Supreme Court to cases on collateral review. *See United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013); *see also Tyler v. Cain*, 533 U.S. 656, 663 (2001) (holding that, for purposes of successive habeas statutes, "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court

holds it to be retroactive," and "[t]he Supreme Court does not 'ma[k]e' a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts"). Similarly, even if the Supreme Court announced a new rule of constitutional law in *Descamps v. United States*, 133 S. Ct. 2276, 2282 (2013), that rule also has not been made retroactive by the Supreme Court to cases on collateral review. *See Tyler v. Cain*, 533 U.S. at 663.

Finally, Petitioner has not stated a viable claim that he is actually innocent of his career offender enhancement, as he does not assert that he is factually innocent of the underlying predicate offenses. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency."); *Poindexter v. Nash*, 333 F.3d 372, 381 (2d Cir. 2003) (noting that actual innocence, in non-capital cases, "normally means simply that the defendant did not commit the crime").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit